**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

IN RE

Case No. 25-81296-BPC
Chapter 7

PAULA DENISE BECKON,

Debtor.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**

Before the Court is the Motion to Dismiss Chapter 7 Case Pursuant to 11 U.S.C. § 707(b)(2) (the "Motion") filed by the Bankruptcy Administrator (the "BA"). (Doc. 13). While the BA made various arguments in the Motion, the parties resolved all but the issue of whether § 707(b)(2)(A)(ii)(I) permits a debtor to deduct the full amount specified under the Local Standard for Housing and Utilities issued by the Internal Revenue Service (the "IRS") when Debtor incurs some applicable expenses but has no mortgage or rent obligations. (Docs. 22 and 24). Here, if Debtor is allowed to deduct the full amount set forth in the IRS Local Standards: Housing and Utilities (the "Housing and Utilities Local Standard"), a presumption of abuse under § 707(b)(2) does not arise; however, if Debtor is not allowed to deduct the full amount, a presumption of abuse arises under § 707(b)(2), and Debtor's case is to be dismissed unless it is converted to Chapter 13. *Id*.

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. For the reasons below, the Motion is due to be denied.

## I. BACKGROUND

Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 17, 2025 (the "Petition Date"). (Doc. 1). The parties stipulate that Debtor has a family size of four and her annualized current monthly income exceeds the median income applicable to a family of four in Alabama, subjecting her to the requirements of § 707(b)(2). (Doc. 23). Debtor and her family reside in Lee County, Alabama. Their residence is owned by Debtor's non-filing spouse and is not encumbered by a mortgage. *Id*. Debtor is not an obligor or co-obligor on any mortgage, note, or residential lease. *Id*. Although Debtor has no mortgage or

rent obligation, she pays the electricity and water bills for the residence, and the accounts for those services are in her name. (Docs. 22 and 23).

On the Petition Date, the Housing and Utilities Local Standard for a family of four in Lee County, Alabama was $2,197.00. On Official Form 122A-2 Chapter 7 Means Test Calculation ("Form 122A-2"), Debtor entered $799.00 on Line 8 for "Housing and utilities—Insurance and operating expenses" and $1,398.00 on Line 9 for "Housing and utilities—Mortgage or rent expenses." (Doc. 1). As filed, Debtor's monthly disposable income is $110.53 and her sixty-month disposable income is $6,631.80, resulting in no presumption of abuse. *Id*. The parties stipulate several adjustments and agree that, after those adjustments, the presumption of abuse under § 707(b)(2)(A) hinges on whether Debtor may claim the full Housing and Utilities Local Standard even though she does not incur mortgage or rent expenses. (Docs. 22-24).

## II. ANALYSIS AND CONCLUSIONS OF LAW

Section 707(b)(1) permits a court to dismiss a Chapter 7 case filed by an individual debtor whose debts are primarily consumer debts if granting relief would constitute an abuse of Chapter 7. 11 U.S.C. § 707(b)(1). To determine whether a case is presumptively abusive, § 707(b)(2) establishes the means test—a "complex statutory formula" based on the debtor's income and the deductions authorized by that subsection. *In re Witcher*, 702 F.3d 619, 620–21 (11th Cir. 2012). When a debtor "runs afoul" of that formula, "the court shall presume abuse." *Id.* at 621; *see also Pollitzer v. Gebhardt*, 860 F.3d 1334, 1339 (11th Cir. 2017) (explaining that the means test, if satisfied, requires the court to presume the Chapter 7 petition is abusive).

Section 707(b)(2)(A)(ii)(I) provides in pertinent part:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief[.]

11 U.S.C. § 707(b)(2)(A)(ii)(I). The IRS publishes tables containing the Housing and Utilities Local Standards on its website with separate links to each state or territory. *Alabama—Local Standards: Housing and Utilities*, https://www.irs.gov/businesses/small-businesses-self-

employed/alabama-local-standards-housing-and-utilities (last visited Sep. 14, 2026) (hereinafter Alabama—Local Standards: Housing and Utilities). There, the IRS outlines that the Housing and Utilities Local Standard include the following expenses: "mortgage or rent, property taxes, interest, insurance, maintenance, repairs, gas, electric, water, heating oil, garbage collection, residential telephone service, cell phone service, cable television, and Internet service." *Id.*

Additionally, the IRS website states the following:

> **Disclaimer:** IRS Collection Financial Standards are intended for use in calculating repayment of delinquent taxes. These Standards are effective . . . for purposes of federal tax administration only. Expense information for use in bankruptcy calculations can be found on the website for the U.S. Trustee Program.

*Id*.

Chapter 7 debtors who qualify as above-median income earners are required to use Form 122A-2 to calculate the means test under § 707(b)(2)(A). FED. R. BANKR. P. 1001 and 9009. Even though the Housing and Utilities Local Standard provides a singular amount for all related housing and utility expenses, Form 122A-2 provides as follows:

> Based on information from the IRS, the *U.S. Trustee Program has divided* the IRS Local Standard for housing for bankruptcy purposes into two parts:
> - Housing and utilities – Insurance and operating expenses
> - Housing and utilities – Mortgage or rent expenses
>
> To answer the questions in lines 8-9, use *the U.S. Trustee Program chart*.

Official Form 122A-2, at Lines 8–9 (emphasis added). On the Petition Date, the Housing and Utilities Local Standard was $2,197 for a family of four in Lee County, and the U.S. Trustee Program's Chart divided that total into separate categories: $799.00 for "Insurance and operating expenses" and $1,398.00 for "Mortgage or rent expenses." *Bankruptcy Allowable Living Expenses (Cases Filed Between May 15, 2025, and October 31, 2025, Inclusive): Local Housing and Utilities Standards—Alabama*, https://www.justice.gov/ust/eo/bapcpa/20250515/bci_data/housing_charts/irs_housing_charts_AL.htm. Thus, when completing Form 122A-2, a debtor may separately claim deductions

for "Insurance and operating expenses" and "Mortgage or rent expenses" in the specified amounts set forth in the U.S. Trustee Program's Chart for each category.

The crux of the issue here is that on Form 122A-2, the U.S. Trustee Program took the singular Housing and Utilities Local Standard and separated the amount listed on the table into two categories with separate, set amounts: "Insurance and operating expenses" at Line 8 and "Mortgage or rent expenses" at Line 9. The BA contends that the amount of $1,398.00 on Line 9 is not applicable to Debtor because she does not have any mortgage or rent obligations. (Docs. 16 and 24). The BA maintains that Debtor can only deduct the amount of $799.00 on Line 8 for "Insurance and operating expenses" since she only incurs expenses that fall within that category. *Id.* Debtor maintains that the Court should look to the Housing and Utilities Local Standard table which contains one amount, and that her applicable expenses within that category make the entire standard deduction of $2,197.00 appropriate. (Doc. 22).

The Court is aware that bankruptcy courts are divided on this issue. *Compare In re Moreno*, 656 B.R. 443, 451–52 (Bankr. D.N.M. 2023), *and In re Currie*, 537 B.R. 884, 887, 889 (Bankr. C.D. Ill. 2015), *with In re Haroldson*, No. 14-26941 MER, 2016 WL 3034794, at *1–3 (Bankr. D. Colo. May 19, 2016), *In re McGhee*, No. 13-10160 C-7G, 2013 WL 5299500, at *1–2 (Bankr. M.D.N.C. Sep. 18, 2013), *and In re Sturm*, 483 B.R. 312, 322–25 (Bankr. N.D. Ohio 2012). However, after careful consideration and for the reasons set forth herein, the Court is persuaded by Debtor's arguments.

The starting place for the Court is always the Bankruptcy Code. Section 707(b)(2)(A)(ii)(I) authorizes a debtor to deduct "applicable monthly expense amounts *specified unde*r the National Standards and Local Standards . . . *issued by* the Internal Revenue Service[.]" 11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). The IRS specified one amount based on the county and household size when it issued the Housing and Utilities Standards.

The BA argues that the Court should consider only the plain language of the statute and places great emphasis on the words "issued by" in the statute. Specifically, the BA argues that the language "issued by" in § 707(b)(2)(A)(ii)(I) is sufficiently broad to include the incorporation of the U.S. Trustee Program's bifurcated figures through the Disclaimer. The Court agrees that "[i]n construing a statute [the court] must begin, and often should end as well, with the language of the statute itself." *United States v. Steele*, 147 F.3d 1316, 1318

(11th Cir.1998) (en banc) (internal quotation marks omitted). Moreover, when the language of a statute is unambiguous, we need go no further, because we must presume that Congress "said what it meant and meant what it said." *In re Paschen*, 296 F.3d 1203, 1207 (11th Cir. 2002). However, the Court finds that the BA's broad interpretation of the "issued by" language veers from the plain text of the statute.

While the Disclaimer on the IRS website references the U.S. Trustee Program's website for "[e]xpense information for use in bankruptcy calculations," that language points debtors to a source other than the amounts "specified under" the National and Local Standards issued by the IRS. The plain language of the statute expresses a clear intent for debtors to use the National and Local Standards in calculating income under § 707(b)(2)(A)(ii)(I)—not bifurcated amounts as determined by the U.S. Trustee Program.

Additionally, in looking to the language of Form 122A–2, it provides that a debtor "must use the IRS Local Standards" for the "Housing and utilities" deduction, then proceeds to bifurcate the housing and utilities standards into two separate categories. Form 122A-2 states that "[b]ased on information from the IRS, the *U.S. Trustee Program has divided the IRS Local Standard* for housing for bankruptcy purposes into two parts: Housing and utilities – Insurance and operating expenses [;] Housing and utilities – Mortgage or rent expenses." Official Form 122A-2 (emphasis added). Thus, by its own admission, the U.S. Trustee Program is the agency that has determined the division between these two categories – not the IRS. Additionally, Line 10 of Form 122A-2 provides an alternative option for a debtor to complete if they claim "that *the U.S. Trustee Program's division of the IRS Local Standard* for housing is incorrect and affects the calculation" of their monthly expenses. *Id.* (emphasis added). This further supports Debtor's argument that the division between the two categories was not "issued by" the IRS.

The BA also argues that the Internal Revenue Manual (the "IRM"), which is the official compilation of IRS policies, procedures, and guidelines, delineates "Housing" and "Utilities" into two separate and numbered paragraphs. (Doc. 16). Although the terms are separately defined, the IRM does not break down the dollar amount of the standard between these two components. *See* IRM § 5.15.1.10.1(1)-(2). Moreover, the IRS definition of "Housing" and "Utilities" is not identical to the categories on Form 122A-2. Specifically, the definition of

"Housing" as set forth in the IRM includes insurance, homeowners' association fees, and condo fees. *Id*. at § 5.15.1.10.1(1). On Form 122A-2, however, these expenses would fall under "Insurance and operating expenses," rather than "Mortgage or rent expenses." Thus, the IRS definitions do not correspond with the categories set forth in Form 122A-2, and the Court does not find this argument convincing. *See also Moreno*, 656 B.R. at 454.

The BA's reliance on the Supreme Court's holding in *Ransom v. FIA Card Services, N.A.*, 562 U.S. 61 (2011) is misplaced because this Court's ruling does not contradict the holding in *Ransom*. In *Ransom,* the Supreme Court considered whether a debtor who owned a vehicle free and clear could claim the vehicle-ownership deduction under the IRS Local Standards. 562 U.S. at 64. The IRS's Local Standards for Transportation involved in *Ransom* specifically divided transportation expenses into two categories: "Ownership Costs" and "Operating Costs." *Id.* Although the debtor in *Ransom* incurred no vehicle loan or lease expense because he owned his vehicle outright, he still claimed both the full vehicle-ownership allowance and the separate operating-cost allowance. *Id.*

Since the debtor only incurred expenses in the "Operating Costs" category, the Supreme Court considered whether the Ownership Cost amount was "applicable" to the debtor in *Ransom*. *Id*. at 69. The Supreme Court explained that an expense amount is applicable "only if the debtor has costs corresponding to the category covered by the table—that is, only if the debtor will incur that kind of expense during the life of the plan." *Id.* at 70. Because the debtor in *Ransom* did not incur any expenses included under the Ownership Costs category, the Supreme Court held that the deduction for that category was not applicable to him. *Id.* at 70–71. The conclusion in *Ransom* hinged on the structure and content of the Local Standards for Transportation issued by the IRS and not the label appearing on Form 122A-2. In the Local Standards for Transportation, the IRS expressly separated Ownership Costs from Operating Costs and specified a separate amount for each category; that is where the distinction arises. *Id.* at 66, 72. Unlike the IRS's Local Standards for Transportation, the IRS did not separate Housing and Utilities into separate categories—it specified only a single amount. *Ransom* requires a debtor to incur some expenses corresponding to the category covered by the relevant IRS Standard before claiming the amount specified for that category. *Id.* at 70. Here, Debtor

did incur expenses which fit under the Housing and Utilities Local Standard. Thus, this case is distinguishable from *Ransom*.

The BA references several decisions that rely on *Ransom* to justify that the "mortgage-or-rent" deduction on Line 8 of Form 122A-2 is not applicable to debtors without mortgage or rent expenses. *See In re Hector*, 2017 WL 4286138 (Bankr. E.D.N.C. Sep. 26, 2017); *In re Haroldson*, 2016 WL 3034794, at *1–3; *In re Petry*, 2013 WL 1286197 (Bankr. W.D. La. Mar. 26, 2013); *In re McGhee*, 2013 WL 5299500, at *1–2; *In re Toxvard*, 485 B.R. 423 (Bankr. D. Colo. 2013); *In re Sturm*, 483 B.R. at 322–25; *In re Wilson*, 454 B.R. 155 (Bankr. D. Colo. 2011). Although those decisions may apply *Ransom*, those courts primarily look to the language of the Form 122A-2 and the categories set forth on Lines 8 and 9 as divided by the U.S. Trustee Program—not the singular category issued by the IRS and specified under the Housing and Utilities Local Standard as required by the statutory text. Moreover, to the extent these decisions regard the Housing and Utilities Local Standard as containing the separate categories due to the division on Form 122A-2 for purposes of *Ransom*, this Court declines to follow them for the reasons set forth herein.

Lastly, the BA argues that the application of *Currie* and *Moreno*, if carried to its logical extremes, produces absurd results. (Docs. 16 and 24). As noted in *Currie,* the use of standardized amounts does not reflect a debtor's actual expenses and will result in some debtors receiving deductions that exceed actual expenses while others receiving inadequate deductions to meet their needs. *Currie*, 537 B.R. at 893. This is true of all standardized deductions. By expressly requiring the use of National and Local Standards in the Code, Congress limited judicial discretion to decide what expenses are reasonable and necessary. *Currie*, 537 B.R. at 893 (citing *In re Gress*, 344 BR 919, 922 (Bankr. W.D. Mo. 2006); *In re Barr*, 341 B.R. 181, 185 (Bankr. M.D.N.C. 2006)).

Here, Debtor pays the electricity and water bills for the residence, and the accounts providing those services are in her name. (Docs. 22 and 23). Electricity and water are both expenses expressly included within the Housing and Utilities Standard as specified on the IRS website. Alabama—Local Standards: Housing and Utilities, *supra* ("Housing and utilities standards include . . . electric, water, . . . and Internet service."). Debtor therefore incurs

applicable expenses under the Housing and Utilities Local Standard and, under *Ransom*, is entitled to claim the deduction for that category.

For clarity, the Court's ruling does not affect the validity of Form 122A-2. When completing Form 122A-2, debtors are not allowed to alter the form except for minor alterations as allowed under the Federal Rules of Bankruptcy Procedure. *See* FED. R. BANKR. P. 1001 and 9009. But alternations are not necessary because Line 10 of Form 122A-2 allows a debtor who does not have a mortgage or rent expense but pays other expenses within the Housing and Utilities Local Standard to claim the entire amount for the Housing and Utilities Standard if the debtor asserts that the U.S. Trustee Program's division is incorrect and it affects the calculation of monthly expenses. Thus, a debtor who does not have mortgage or rent expenses but incurs other applicable expenses can claim the full amount of the Housing and Utilities Local Standard specified by the IRS by completing Line 10 without altering Form 122A-2. *Moreno*, 656 B.R. at 456-57.[1]

## III. CONCLUSION

For the reasons stated above, the Court concludes that Debtor's lack of a mortgage or rent obligation does not defeat her entitlement to the full amount of $2,197.00 because Debtor has other applicable expenses corresponding to the category covered by the table. Debtor is therefore entitled to claim the full $2,197.00 notwithstanding that she has no mortgage or rent obligation. Because Debtor can claim the full amount of the deduction, there is no presumption of abuse under § 707(b)(2). Accordingly, it is hereby

**ORDERED** that the Motion is **DENIED**.

Done this 18th day of September, 2026.

Bess M. Parrish Creswell
United States Bankruptcy Judge

[1] While Debtor improperly completed Lines 8 and 9 here instead of using Line 10, the total amount and outcome are the same, such that the Court does not find that an amendment is necessary. However, in cases going forward a similarly situated debtor should complete Line 10.

c: Debtor
Marrell J. McNeal, Attorney for Debtor
Bankruptcy Administrator
Chapter 7 Trustee